1  John K. Buche (Bar No. 239477)
   Sean M. Sullivan (Bar No. 254372)
2  BUCHE AND ASSOCIATES, P.C.
3  875 Prospect, Suite 305
   La Jolla, California 92037
4  (858) 459-9111
5  (858) 459-9120 fax
   jbuche@buchelaw.com
6  ssullivan@buchelaw.com

7  Attorneys for Plaintiff
8  Utah Land and Law, L.L.C., d/b/a Freedom Legal

9                    UNITED STATES DISTRICT COURT
10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11

12  **UTAH LAND AND LAW, L.L.C.,**
    **d/b/a FREEDOM LEGAL**,                     Case No. 11-cv-02005-JLS (WMC)
13  a Utah limited liability company,

14                    Plaintiff,                 **First Amended Complaint for Trademark**
                                                 **Infringement, False Advertising, and Un-**
15  v.                                           **fair Competition:**
16                                                   **Sections 32 & 43(a) of the Lanham Act,**
    **FREEDOM LEGAL PLANS, LLC**,                    **15 U.S.C. §§ 1114(1) & 1125(a); Cal.**
17  a Delaware limited liability company;            **Bus. & Prof. C. §§ 17200, et seq.; Cal.**
    **DEREK RADZIKOWSKI**,                           **Bus. & Prof. C. § 14259; Cal. Bus. &**
18  an individual;                                   **Prof. C. §§ 17500 & 17505; and Cali-**
    **REACHING U NETWORK, INC**.,                    **fornia common law.**
19  a Florida corporation;
    **PERSONAL FINANCIAL SERVICES**
20  **OF AMERICA, LLC**,
    a Florida limited liability company,         **Demand for Jury Trial**
21
22                    Defendants.
23

24      For its First Amended Complaint, Plaintiff Utah Land and Law, L.L.C., d/b/a
25  Freedom Legal, by and through its undersigned attorneys, alleges and avers as follows:
26                              **The Parties**
27      1.    Plaintiff Utah Land and Law, L.L.C., d/b/a Freedom Legal (hereinafter
28  "Plaintiff" or "Freedom Legal"), is a limited liability company, organized under the

1    laws of the State of Utah, with offices located in Payson, Utah.

2        2.    On information and belief, Defendant Freedom Legal Plans, LLC, (hereinafter

3    "FLP") is a limited liability company organized and existing under the laws of the State

4    of Delaware.  FLP has been served with process by serving a copy of the summons and

5    Original Complaint on its registered agent: National Registered Agents, Inc., 160 Green-

6    tree Drive, Suite 101, Dover, Delaware 19904.  A copy of this First Amended Complaint

7    is being served on counsel for FLP, in accordance with Federal Rule of Civil Procedure

8    5(b).

9        3.    On information and belief, Defendant Derek Radzikowski (hereinafter "Radzi-

10   kowski"), is an individual residing in the State of Florida.  Radzikowski has been served

11   with process by serving a copy of the summons and Original Complaint on him at his

12   place of business, 6451 N. Federal Hwy, Suite 1200, Fort Lauderdale, Florida 33308. A

13   copy of this First Amended Complaint is being served on counsel for Radzikowski, in

14   accordance with Federal Rule of Civil Procedure 5(b).

15       4.    On information and belief, Defendant Reaching U Network, Inc. (hereinafter

16   "RUN"), is a corporation organized and existing under the laws of the State of Florida.

17   Reaching U can be served with process by serving its registered agent: Spiegel & Utrera,

18   P.A., 1840 S.W. 22nd Street, 4th Floor, Miami, Florida 33145.

19       5.    On information and belief, Defendant Personal Financial Services of America

20   LLC (hereinafter "PFSOA," together with FLP, RUN, and Radzikowski, "Defen-

21   dants"), is a limited liability company organized and existing under the laws of the State

22   of Florida.  PFSOA can be served with process by serving its registered agent: ATGP

23   Enterprises LLC, 185 Riverwalk Circle, Sunrise, Florida 33326.

24

25                           **Jurisdiction and Venue**

26       6.    This action is based, in part, on Section 32(1)(a) of the Lanham Act, 15 U.S.C.

27   § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

28       7.    The Court has jurisdiction over the subject matter of this action pursuant to

                                        2

1    Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1332(a)(1), 1338(a),

2    and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), and

3    under principles of pendent jurisdiction.  Jurisdiction is also proper under 28 U.S.C. §§

4    2201 & 2202.

5        8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a

6    substantial part of the events or omissions giving rise to this claim occurred in this Dis-

7    trict and, alternatively, because Defendants are subject to personal jurisdiction under 28

8    U.S.C. § 1391(c), and deemed to reside in this District.  On information and belief, this

9    Court has personal jurisdiction over Defendants because they transact business in the

10   State of California and in this District, and maintain sufficient contacts within Califor-

11   nia.  Defendants purposefully direct their business activities toward California, including

12   by advertising, promoting, selling, and/or offering services for sale in California, includ-

13   ing in this District, and elsewhere.  An example of Defendants' business activities di-

14   rected to this District is the website printout attached as **Exhibit 1**, which shows its ser-

15   vices directed to "Orange Co. south to San Diego" and in particular the "858" and

16   "619" area codes.

17

18                                **Factual Background**

19       9.    Plaintiff Freedom Legal is a full-service law firm, with an emphasis in personal

20   legal protection, loan modification, debt collection, construction law, business disputes,

21   and other civil matters.

22      10.    Plaintiff began using the "Freedom Legal" mark in 2005, and since then has in-

23   vested a substantial amount of time and resources in developing goodwill associated

24   with the mark.  The "Freedom Legal" mark is distinctive and serves to indicate Plaintiff

25   as the source of quality legal services.

26      11.    Plaintiff, through its principal attorney-in-charge, Jonathan L. Jaussi, obtained

27   U.S. Trademark Registration No. 3,186,835 ("the '835 registration") on December 19,

28   2006, covering the word mark "Freedom Legal," without claim to any particular font,

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

style, size or color, in connection with the legal services in class 42.  A copy of this registration is attached as **Exhibit 2**.  Plaintiff is the assignee and owner of the '835 registration.

12.   Although its office is located in Payson, Utah, Plaintiff operates a website (http://www.freedomlegal.com), which makes extensive use of the mark "Freedom Legal."  Through this website, Plaintiff has acquired clients from many states other than Utah, including California, when residents of other states require a Utah-licensed attorney to handle their legal needs.  A copy of Plaintiff's website homepage is attached herewith as **Exhibit 3**.

13.   Upon information and belief, long subsequent to Plaintiff's formation, as well as its adoption and registration of the "Freedom Legal" mark, on or about June 29, 2010, a predecessor-in-interest of one or more of Defendants formed as a limited liability company in the State of Florida.

14.   Upon information and belief, a few weeks prior, on or about June 9, 2010, Defendant Radzikowski[1] filed an intent-to-use application for a U.S. trademark registration, Serial No. 85/057,962 for the name "Freedom Legal Plans" in international class 045 for "personal, legal and social services, namely, legal services; security services for the protection of property and individuals; personal and social services rendered by others to meet the needs of individuals for consumers." (Hereafter, "the '962 application").  A copy of Defendants' intent-to-use '962 application is attached as **Exhibit 4**.

15.   On or about September 27, 2010, the United States Patent and Trademark Office's ("USPTO") Examining Attorney rejected Defendants' intent-to-use application under Section 2(d), as creating a likelihood of confusion with Plaintiff's '835 registration.

---

[1] Radzikowski filed the '962 application in his name personally, and thereafter is believed to have filed an assignment of his interest with the USPTO, assigning his interest to Defendant FLP. All Defendants are alleged to make unauthorized use of the "Freedom Legal" mark in connection with one another.  For present purposes, actions taken during the prosecution of the '962 application will be referred to as acts of Defendants jointly.

4

1    The Examining Attorney also required Defendants to disclaim the "Legal Plans" portion

2    of its applied-for mark.  A copy of the UPSTO's September 27 Office Action is attached

3    as **Exhibit 5**.

4        16.   On April 26, 2011, the USPTO issued a Notice of Abandonment of the '962

5    application, since Defendants failed to respond in a timely manner to the September 27,

6    2010 Office Action refusing the intent-to-use application.  A copy of the UPSTO's April

7    26th Notice of Abandonment is attached as **Exhibit 6**.

8        17.   On May 28, 2011, Defendants, through their attorney of record, filed a late re-

9    sponse to the September 27th Office Action, asserting the failure to respond timely was

10   unintentional.  Defendants went on to argue at length that the applied-for name of

11   "Freedom Legal Plans" did not create a likelihood of confusion with Plaintiff's regis-

12   tered "Freedom Legal" mark.  A copy of the Defendants' May 28th Office Action Re-

13   sponse and Petition to Revive is attached as **Exhibit 7**.

14       18.   On May 31, 2011, the USPTO granted a revival of Defendant's '962 applica-

15   tion.  (**Exhibit 8**).  On July 12, 2011, the Examining Attorney issued a Final Office Ac-

16   tion, again rejecting Defendants' '962 application under Section 2(d) for creating a like-

17   lihood of confusion with Plaintiff's '835 registration.  In rejecting Defendants' arguments

18   in support of its application, the Examining Attorney noted that Defendant's "services

19   are related to [Plaintiff's] services because membership services for legal services and le-

20   gal services are marketed in such a way that they are likely to be encountered by the

21   same consumers." (Brackets added).  A copy of the USPTO's Final Office Action of Ju-

22   ly 12th is attached as **Exhibit 9**.  As of the filing of this First Amended Complaint, De-

23   fendants' '962 application continues to stand finally refused due to a likelihood of confu-

24   sion with Plaintiff's '835 registration.

25       19.   Despite knowledge of Plaintiff's superior rights in the "Freedom Legal" mark,

26   and the USPTO's denial of the '962 application based on a likelihood of confusion with

27   Plaintiff's '835 registration, Defendants proceeded full steam ahead to continue and ex-

28   pand their use of the confusingly similar "Freedom Legal Plans" name in connection

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

with offering legal services.

20.   Upon information and belief, in September 2010, Defendant FLP's present incarnation was formed as a limited liability company in Delaware, under the confusingly similar name "Freedom Legal Plans, LLC." This new entity continued the infringing use of the "Freedom Legal" mark.

21.   Upon information and belief, Defendant PFSOA advertises that it "has partnered with Freedom Legal Plans to provide Americans access to some of the top foreclosure defense attorneys in the nation, at a price they can afford." (**Exhibit 12**).

22.   Upon information and belief, Defendant RUN purports to be a "non-profit charitable organization," which, according to a press release, is "now in 20 States Offering Affordable Legal Representation for Struggling Homeowners Not Able to Make Their Mortgage Payments." (**Exhibit 13**).

23.   Upon information and belief, Defendant RUN partners with FLP and/or PFSOA and/or Radzikowski in the confusing use of the "Freedom Legal" mark.  In fact, the "Membership Agreement" states at the header, that RUN is "a proud provider of" Freedom Legal Plans.  (**Exhibit 14**).

24.   According to a press release, "Reaching U Network is a 501c3 non–profit organization that is linked to Freedom Legal Plans by a long time service contract that provides low cost legal representation to homeowners facing foreclosure." (**Exhibit 13**). Further, "Reaching U Network has joined forces with Freedom Legal Plans to target the current epidemic of foreclosure by providing forensic and securitization audits to home owners looking to stay in their homes." (***Id.***).

25.   Upon information and belief, Defendants Radzikowski, PFSOA, and FLP use Defendant RUN's non-profit status to circumvent applicable telemarketing laws, in order to market the legal services under the infringing "Freedom Legal Plans" mark.

26.   Upon information and belief, at all relevant times, Defendant Radzikowski has personally taken part in Defendants FLP's, PFSOA's, and/or RUN's infringing activities, and/or the activities of any predecessors-in-interest, and has been the principal arc-

hitect of such conduct and/or has been the moving, active, conscious force behind such infringing activities.

27.   Upon information and belief, Defendant Radzikowski was on notice of Plaintiff's senior rights in the "Freedom Legal" mark, yet directed Defendants FLP, PFSOA, and/or RUN to continue and expand such infringing activities.

28.   Upon information and belief, Defendants have conspired with one another to knowingly adopt and use a mark belonging to Plaintiff, and to expand such use throughout the nation in connection with legal services.

29.   Upon information and belief, Defendant FLP's predecessor-in-interest Freedom Legal Plans, LLC, the original Florida entity, was voluntarily dissolved on or about March 14, 2011.

30.   Defendants, still prominently using the name "Freedom Legal Plans," despite the refused trademark application and knowledge of Plaintiff's senior rights in the "Freedom Legal" registered mark, now offer legal referral services throughout the country, including within this District (**Exhibit 1**), with a focus on foreclosure defense.  Defendants advertise on one of their many websites (http://www.myfreedomplans.com[2]) that they have:

> "gathered some of the finest and most experienced Foreclosure Defense Attorneys together under one affordable plan.  We have taken the pre-paid legal defense model to the next level; by offering the best possible foreclosure defense to everyone who is in threat of losing their most prized possession, the roof over their family's heads.  The concept is simple, by grouping together the most exclusive Foreclosure Attorneys in America and introducing them to a wide range of potential clients we are able to introduce affordable monthly rates."

Copies of pages from two of Defendants' website are attached as **Exhibits 10** & **11**.

31.   Plaintiff's and Defendants' respective services are marketed through identical

---

[2] Since the filing of the Original Complaint, Defendants apparently have redirected one of their websites, http://www.freedomlegalplans.com, to a new site, http://memberrelationdept.com, and removed the "Freedom Legal Plans" logo from that site.  However, several other websites appear to exist which still refer to Defendants as "Freedom Legal Plan," and evidence its rampant use of the "Freedom Legal" mark.

channels of trade, namely the internet, among others, and to an identical class of consumers—those seeking legal services, specifically in the realms of debt relief and foreclosure advice.

32.   Defendants' use of the name "Freedom Legal Plans" in the legal services industry, particularly in the real estate and debt relief legal services fields, is likely to cause confusion or mistake or deception among consumers as to the source of origin of the services, and actually has caused such confusion.

33.   Consumers are likely to purchase from Defendants or Defendants' referred attorney network, legal services bearing the "Freedom Legal" trademark believing that the services are related to, approved by, or otherwise associated with Plaintiff, thereby resulting in a loss of revenues to Plaintiff.

34.   Plaintiff has no control over the nature and quality of the legal services offered by Defendants or their attorney referral network under the "Freedom Legal" trademark, and because of the confusion as to the source of the services offered by Defendants, Plaintiff's goodwill with respect to the aforesaid trademark will suffer and is at the mercy of Defendants.

35.   The goodwill developed by Plaintiff under the "Freedom Legal" trademark is of enormous value to Plaintiff, and Plaintiff has suffered and will continue to suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

36.   On information and belief, the activities of Defendants complained of herein were and are done willfully in order to trade upon the goodwill of Plaintiff Freedom Legal, or with reckless disregard of Plaintiff Freedom Legal's rights and with actual and constructive knowledge that such conduct was and is in direct contravention of Plaintiff's rights, and was and is likely to confuse, mislead, and deceive an appreciable amount of relevant consumers as to the source, affiliation, and sponsorship of the services emanating from the parties, resulting in direct injury to Plaintiff Freedom Legal's reputation and goodwill.

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

37.   Plaintiff has no adequate remedy at law.  Defendants' conduct has caused and, if allowed to continue, will continue to cause irreparable damage to Plaintiff's business, reputation, and goodwill.  The infringement by Defendants will continue unless enjoined by this Court.  Plaintiff Freedom Legal's damages are not yet determined.

### Count I

### (Violation of Section 32 of the Lanham Act)

38.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

39.   Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive …

40.   The "Freedom Legal" mark is federally registered.  The "Freedom Legal" mark registration consists of standard characters, and is without claim to any particular font, style, size, or color, and is distinctive, and serves to uniquely associate in the minds of the public Plaintiff Freedom Legal as a source of services.

41.   Defendants use the confusingly similar "Freedom Legal Plans" name in U.S. commerce in connection with Defendants' marketing of competing services.

42.   Defendants have intentionally and knowingly used the confusingly similar designs without Plaintiff Freedom Legal's consent or authorization.  Defendants' use, including advertising, marketing, sale, and/or offering for sale of services bearing the infringing mark in interstate commerce, is likely to cause confusion and/or mistake in the minds of the public, and actually has caused such confusion, leading the public to believe that Defendants' products and/or services, including legal services and an attorney referral network, emanate or originate from Plaintiff, or that Plaintiff has approved,

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

sponsored or otherwise associated itself with Defendants or their services.

43.   Defendants' unauthorized use of the infringing "Freedom Legal Plans" name as set forth herein has resulted in Defendants unfairly benefiting from Plaintiff Freedom Legal's advertising and promotion and from the resultant goodwill in the "Freedom Legal" mark, all to the substantial and irreparable injury to the public, Plaintiff Freedom Legal, the "Freedom Legal" mark, and the substantial goodwill represented thereby.

44.   Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff Freedom Legal.  Defendants' wrongful acts will continue unless enjoined by this Court.  Plaintiff has no adequate remedy at law and is damaged in an amount not yet determined.  Plaintiff also is entitled to, among other things, the cost of corrective advertising.

45.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' aforesaid infringing conduct has been willful, wanton and malicious, and done with the intent to deceive.  Plaintiff therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

## Count II

### (Violation of Section 43(a) of the Lanham Act)

46.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

47.   The "Freedom Legal" mark is distinctive.  The trade and relevant consumers associate and identify the "Freedom Legal" mark with Plaintiff Freedom Legal, and thus, are likely to mistake Defendants' services as being associated with, sponsored by, or otherwise authorized by Plaintiff.

48.   Defendant's advertising, marketing, sale, and offering for sale, of nearly identical and related services in connection with the "Freedom Legal" mark constitutes false designation of origin or sponsorship of such services and tends falsely to represent that Defendant's services originate from Plaintiff or that said goods have been sponsored, ap-

10

proved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff or that Plaintiff's services originate from Defendants or are sponsored, approved, authorized or licensed by Defendants.

49.   Defendants' conduct is likely to confuse, mislead, and deceive—and has confused—a not insubstantial number of relevant consumers, and members of the public as to the origin of the services or to cause said persons to believe that the services have been sponsored, approved, authorized, or licensed by Plaintiff Freedom Legal or are in some way affiliated with Plaintiff or that Plaintiff's services originate from Defendants or are sponsored or licensed by Defendants, all in violation of the Lanham Act Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

50.   Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff Freedom Legal.  Defendants' wrongful acts will continue unless enjoined by this Court.  Plaintiff has no adequate remedy at law and is damaged in an amount not yet determined.  Plaintiff also is entitled to, among other things, the cost of corrective advertising.

51.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' aforesaid infringing conduct has been willful, wanton and malicious, and done with the intent to deceive.  Plaintiff therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

### Count III

### (Reverse Confusion)

52.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

53.   Plaintiff alleges reverse confusion under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and/or Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.   Plaintiff is the senior user of the "Freedom Legal" mark, which is a valid, protectable trademark that is federally registered.

55.   Defendants are the junior users of the "Freedom Legal" mark, which use began without the consent of Plaintiff several years after Plaintiff began its use, and Defendants now do so in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

56.   Plaintiff is informed and believes, and on that basis alleges, that Defendants have advertised the "Freedom Legal" mark, and appropriated for itself all the goodwill that rightfully should belong to Plaintiff.

57.   Defendants' actions are likely to lead the public to conclude, incorrectly, that Plaintiff's services originate from Defendants, or that Plaintiff is required to obtain permission from Defendants to use the "Freedom Legal" mark, all which damages both Plaintiff and the public.

58.   Defendants' unauthorized use of the "Freedom Legal" mark in interstate commerce constitutes reverse confusion and is likely to cause consumer confusion, mistake, or deception.

59.   As a direct and proximate result of Defendants' reverse confusion, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.  Plaintiff is therefore entitled to recover damages from Defendants in an amount to be proven at trial as a consequence of Defendants' infringing activities.

60.   Defendants' acts resulting in reverse confusion will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's rights.  Plaintiff has no adequate remedy at law.  Plaintiff also is entitled to, among other things, the cost of corrective advertising.

61.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' aforesaid infringing conduct has been willful, wanton and malicious, and done with the intent to deceive.  Plaintiff therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

**Count IV**

**(Misleading Advertising Under Section 43(a)(1)(B) of the Lanham Act)**

62.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

63.   On information and belief, in the course of advertising, promoting, and selling of Defendants' services under a mark that is all but identical to the "Freedom Legal" mark, Defendants are representing to the public that such services are Plaintiff's services, or have the same quality as Plaintiff's services, or is misrepresenting the features of Plaintiff's services.  Such representations misrepresent and confuse the nature, characteristics, qualities, and origin of Defendants' services and Plaintiff's services and constitute false advertising and false statements under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

64.   On information and belief, Defendants' aforesaid acts are willful and deliberate and done with the intent to misrepresent the nature, characteristics, qualities, and/or origin of Defendants' services and to reap the benefit of Plaintiff Freedom Legal's good-will.

65.   Defendants' unlawful actions have caused and are continuing to cause actual damages to Plaintiff Freedom Legal in an amount to be determined at trial.

66.   The aforesaid conduct is causing Plaintiff immediate and irreparable injury and will continue to both damage Plaintiff and deceive the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.  Plaintiff also is entitled to, among other things, the cost of corrective advertising.

67.   Plaintiff is informed and believes, and on that basis alleges, that Defendants' aforesaid infringing conduct has been willful, wanton and malicious, and done with the intent to deceive.  Plaintiff therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

**Count V**

**(Statutory Unfair Competition—Cal. Bus. & Prof. Code § 17200, *et seq*.)**

68.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

69.   Defendants' acts, as described herein, constitute unlawful, unfair, or fraudulent business acts or practices in violation of the statutory laws of the State of California, namely, the Unfair Trade Practices Act, California Business and Professions Code Section 17200, *et seq*.

70.   Defendants' unlawful actions have caused and are continuing to cause actual damages to Plaintiff Freedom Legal in an amount to be determined at trial.

71.   As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff Freedom Legal has and will continue to suffer irreparable damage, justifying injunctive and equitable relief.

72.   Plaintiff Freedom Legal is informed and believes and based thereon alleges that Defendants' acts were malicious, fraudulent, and oppressive, justifying an award of punitive damages in an amount according to proof such that Defendants will not engage in such conduct in the future and make an example of them.

**Count VI**

**(Common Law Unfair Competition)**

73.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

74.   Defendants' acts, as described herein, constitute unlawful, unfair, or fraudulent business acts or practices in violation of the common law of the State of California.

75.   Defendants' unlawful actions have caused and are continuing to cause actual damages to Plaintiff Freedom Legal in an amount to be determined at trial.

76.   As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff Freedom Legal has and will continue to suffer irreparable damage, justifying

14

injunctive and equitable relief.

77.   Plaintiff is informed and believes and based thereon alleges that Defendants' acts were malicious, fraudulent, and oppressive, justifying an award of punitive damages in an amount according to proof such that Defendants will not engage in such conduct in the future and make an example of them.

## Count VII

### (Untrue and/or Misleading Advertising—Cal. Bus. & Prof. Code §§ 17500 & 17505)

78.   Plaintiff repeats and re–alleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

79.   In doing the acts herein alleged, Defendants have violated Cal. Bus. & Prof. Code §§ 17500 and 17505 by falsely claiming or suggesting that Defendants are the originator, producer of Plaintiff's services, or that Defendants own or control the "Freedom Legal" mark, or are an authorized source of Plaintiff's services, or by misrepresenting the features or content of Plaintiff's services.

80.   On information and belief, Plaintiff has suffered injury in fact and has lost sales and money as a result of the violations alleged above in this Complaint, in that Plaintiff's potential clients have been contacting Defendants to purchase Defendants' services, or will refuse to contact Plaintiff after being led to secure legal services from Defendants. Further, Plaintiff has been damaged, in that through the false designation of origin, Plaintiff's intellectual property, including the "Freedom Legal" mark, is being inaccurately associated with Defendants.

81.   Defendants' unlawful actions have caused and are continuing to cause actual damages to Plaintiff in an amount to be determined at trial.

82.   Defendants' conduct is causing immediate and irreparable injury and, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

83.   Plaintiff is informed and believes and based thereon alleges that Defendants'

1    acts were malicious, fraudulent, and oppressive, justifying an award of punitive damages

2    in an amount according to proof such that Defendants will not engage in such conduct

3    in the future and make an example of them.

### Count VIII

### (Declaration of Plaintiff's Senior Rights &

### Non-Registrability of Defendants' '962 Application)

7    84.    Plaintiff repeats and re–alleges all of the allegations contained in the preceding

8    paragraphs of this Complaint as though the same were fully written herein.

9    85.    Defendants' assertion of rights in the entitlement to use and register the name

10   "Freedom Legal Plans" during the prosecution of the '962 application, and arguments

11   made in support thereof,  creates an actual case or controversy as to rights in Plaintiff's

12   "Freedom Legal" mark.

13   86.    Plaintiff is entitled to a declaration that Defendant is not entitled to register the

14   '962 application.

### Demand for Jury Trial

16   87.    Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), and the Local

17   Rules of this District, Plaintiff hereby demands a trial by jury on all issues so triable.

### Prayer for Relief

19   WHEREFORE, Plaintiff Freedom Legal respectfully requests:

20   1.    Judgment be entered that:

21   a)  Defendants have violated Section 32(a) of the Lanham Act, 15 U.S.C. §

22   1114(a);

23   b)  Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §

24   1125(a);

25   c)  Defendants have engaged in unfair competition in violation of California law;

26   d)  Defendants have engaged in untrue or misleading advertising in violation of

27   California law;

28   2.    That, pursuant to 15 U.S.C. § 1116 or relevant California law, Defendants, their

1   agents, servants, employees, attorneys, representatives, successors, and assigns and all

2   persons, firms, or corporations in active concert or participation with Defendants be en-

3   joined and restrained preliminarily and permanently from:

4       a)  directly or indirectly infringing the "Freedom Legal" mark in any manner, in-

5   cluding on or in connection with any websites, and including, but not limited to, en-

6   gaging in services or distributing, advertising, selling, or offering for sale and distribu-

7   tion any goods or services which infringe said "Freedom Legal" mark, and specifically:

8       b)  using in any way the "Freedom Legal" mark, or any name, logo, or marks

9   similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of said

10  name, logo, or marks in connection with Defendants' products and/or services, or the

11  advertisement, sale, offer for sale, or distribution of any goods or services which in-

12  fringe said names or marks;

13      c)  applying said names, logos, or marks, or any such reproduction, counterfeit,

14  copy, or colorable imitation to any document or thing including to any business card,

15  label, sign, product, website, or advertisement used in connection with Defendants'

16  goods and/or services;

17      d)  using any mark, dress, trade name, logo, or design that tends falsely to

18  represent, or is likely to confuse, mislead, or deceive purchasers, customers, or mem-

19  bers of the public, that goods and services offered by Defendants originate from Plain-

20  tiff, or that said goods or services have been sponsored, approved, or licensed by or as-

21  sociated with Plaintiff or are in some way connected or affiliated with Plaintiff;

22      e)  engaging in any conduct that tends falsely to represent that, or is likely to con-

23  fuse, mislead, or deceive purchasers, members, or customers, or other members of the

24  public to believe that the actions of Defendants are connected with Plaintiff, are spon-

25  sored, approved, or licensed by Plaintiff, or are in some way connected or affiliated

26  with Plaintiff;

27      f)  affixing, applying, annexing, or using in connection with Defendants' goods

28  and services, a false description or representation, including words or other symbols or

17

1  designs, tending to falsely describe or represent such goods and services as being those

2  offered or sold by Plaintiff;

3        g)  otherwise competing unfairly with Plaintiff in any manner; and

4        h)  diluting and infringing the aforementioned "Freedom Legal" mark and da-

5  maging Plaintiff's goodwill, reputation, and business.

6      3.  That an order be issued directing Defendants to deliver up for destruction to

7  Plaintiff all unauthorized products and advertisements in its possession or under its con-

8  trol bearing the infringing mark, or any simulation, reproduction, counterfeit, copy, or

9  colorable imitation of the "Freedom Legal" mark, and all means of production of same

10  pursuant to 15 U.S.C. § 1118.

11      4.  For an assessment of the damages suffered by Plaintiff, trebled due to the excep-

12  tional nature of the case, including an award of all profits that Defendants have derived

13  while using the infringing mark, as well as costs, prejudgment interest, and attorney's

14  fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

15  and awarding profits, damages, and fees, to the full extent available, pursuant to the laws

16  of California, including any and all available punitive damages.

17      5.  For an order declaration that Defendants' '962 application is not entitled to regis-

18  tration with the USPTO, whether on the principal or supplemental registry.

19      6.  That Plaintiff be granted all other and further relief as this Court may deem just

20  and proper under the circumstances.

                                      Respectfully submitted,

21

22  Dated: October 12, 2011                    BUCHE & ASSOCIATES, P.C.

23
                                      /s/ John Karl Buche

24                                   John K. Buche (Bar No. 239477)
                                      E-mail: jbuche@buchelaw.com

25                                   Sean M. Sullivan (Bar No. 254372)
                                      E-mail: ssullivan@buchelaw.com

26

27                                   Attorneys for Plaintiff Utah Land and Law,
                                      L.L.C., d/b/a Freedom Legal

28

Case No. 11-cv-02005-JLS (WMC)
**First Amended Complaint**

**Certificate of Service**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, John K. Buche, declare:

I am over the age of 18 years and not a party to this action.  My business address is 875 Prospect, Suite 304, La Jolla, California 92037, which is located in the county where the mailing described below occurred.

I served the following documents: **First Amended Complaint for Trademark Infringement, False Advertising, and Unfair Competition**, along with copies of the referenced exhibits, on the person(s) below, as follows:

Oliver A. Ruiz
Malloy & Malloy, P.A.
2800 S.W. Third Avenue
Historic Coral Way
Miami, Florida 33129

Kent M. Walker
Walker, Pendergrass & Tietsworth, LLP
402 W. Broadway, Suite 400
San Diego, CA 92101

*Attorneys for Defendants Freedom Legal Plans, LLC, and Derek Radzikowski*

The documents were served by the following means:

[ X ]  **By United By United States mail**.  On Wednesday, October 12, 2011, I enclosed the documents in a sealed envelope addressed to the persons listed above, and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Wednesday, October 12, 2011, at La Jolla, California.

/s/ John K. Buche
_____
JOHN KARL BUCHE